UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ROBERT WALLACE-BEY,

                Plaintiff,            **MEMORANDUM & ORDER**

    -against-                             25-CV-5462 (RER) (JAM)

NEW YORK STATE DIVISION OF CHILD
SUPPORT ENFORCEMENT,

                Defendant.
--------------------------------------------------------X

**RAMÓN E. REYES, JR., District Judge:**

On September 26, 2025, *pro se* plaintiff Robert Wallace-Bey ("Plaintiff" or "Wallace-Bey") filed this action pursuant to 42 U.S.C. § 1983 against defendant New York State Division of Child Support Enforcement ("Defendant"). (ECF No. 1.) On October 1, 2025, Wallace-Bey moved for a preliminary injunction. (ECF No. 7.) On October 15, 2025, Plaintiff filed a signed *in forma pauperis* ("IFP") application. (ECF No. 8.) The Court grants Wallace-Bey's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(a). As discussed below, however, the motion for a preliminary injunction is denied and the complaint is dismissed.

## BACKGROUND

Plaintiff alleges that "[o]n or about July 18, 2025, Defendant seized $13,292.47 from a federal tax refund lawfully assigned to Temple of Seven Inc." (ECF No. 1 at 1.) Plaintiff further alleges that the federal tax refund "was ecclesiastical trust property not subject to garnishment under Title 26 § 509(c)(1)(A)." (*Id.*). He seeks actual, compensatory and punitive damages. (*Id.*). Wallace-Bey alleges that the "seizure violated

Plaintiff's First Amendment right to free exercise of religion and constituted unlawful conversion of trust property." (*Id.* at 2.)

## **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must be mindful that a plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, when a plaintiff seeks to proceed without paying the filing fee, the court must dismiss the action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

**DISCUSSION**

A. Temple of Seven Inc.

To the extent Wallace-Bey brings this action on behalf of the Temple of Seven, Inc., he cannot do so. Although federal law affords parties a statutory right to "plead and conduct their own cases personally," 28 U.S.C. §1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted). *See also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."); *Hale Joy Trust v. Comm'r of I.R.S.*, 57 F. App'x. 323, 324 (9th Cir. 2003) (holding that "[a] non-attorney trustee may not represent a trust *pro se* in an Article III court"); *Knoefler v. United Bank of Bismark,* 20 F.3d 347, 348 (8th Cir. 1994) (holding that "a nonlawyer, such as these purported 'trustee(s) *pro se*' has no right to represent another entity, *i.e.,* a trust, in a court of the United States"); *Bell v. South Bay European Corp.,* 486 F.Supp.2d 257, 259 (S.D.N.Y. 2007) (non-attorney *pro se* plaintiff may not appear on behalf of a Trust). Plaintiff has not alleged that he is an attorney licensed to practice law, therefore, any claims on behalf of the Temple of Seven Inc., cannot be brought by Plaintiff and are dismissed without prejudice.

B. Constitutional Claims

To the extent Plaintiff alleges that his or Temple of Seven's federal tax refund was improperly seized, these allegations of constitutional violations cannot proceed. Section 1983 provides, in pertinent part, that:

> Every *person* who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983 (emphasis added). This statute "provides a method for vindicating federal rights elsewhere conferred, including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal citation and quotation omitted).

Here, Wallace-Bey's complaint seeking damages against Defendant, a state agency, is barred. The Eleventh Amendment "bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). The immunity extends to state agencies which act as an arm of the state. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its sovereign immunity in federal court from suits for damages like those sought in this case. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977) (holding that Section 8 of the New York Court of Claims Act is not a waiver of sovereign immunity from suit for damages in federal court). Nor has Congress abrogated states' sovereign immunity for claims brought under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (Section 1983).

1

Therefore, Plaintiff's complaint is dismissed against the New York State Division of Child Support Enforcement because is it immune from suit under the Eleventh Amendment. *See, e.g., Lions v. N.Y.S. Office of Child Support Enforcement*, No. 24-CV-7181, 2025 WL 81421, at *3 (S.D.N.Y. Jan. 10, 2025) (dismissing *pro se* complaint against New York State Office of Child Support Enforcement under the Eleventh Amendment).[1]

C. <u>Motion for Preliminary Injunction</u>

The Court denies Plaintiff's motion for a preliminary injunction seeking to "immediately enjoin Defendant from seizing, levying, or garnishing any further property belonging to Temple of Seven, Inc." (ECF No. 7 at 3.) Again, Plaintiff, appearing *pro se*, cannot seek immediate preliminary injunctive relief on behalf of the Temple of Seven. Any such relief on behalf of Plaintiff also fails because it is clear, as set forth above, that Plaintiff cannot show a likelihood of success on the merits or sufficiently serious questions going to the merits. *County of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)). Thus, Plaintiff fails to warrant immediate injunctive relief.

## **CONCLUSION**

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed because it seeks damages against a Defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for a preliminary injunction is denied.

---

[1] In addition, the Court would have to abstain from considering any challenge to the garnishment of Plaintiff's tax return to enforce child support obligations under the domestic relations abstention doctrine. *See American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019); *Bey v. Furman*, No. 21-CV-4090 (WFK) (RER), 2021 WL 3725987, at *4 (E.D.N.Y. Aug. 23, 2021).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Hon. Ramón E. Reyes, Jr. Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.10.16 16:45:29 -04'00'
_____
RAMÓN E. REYES, JR.
United States District Judge

Dated: October 16, 2025
      Brooklyn, New York

3